**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHRISTOPHER DEATON,                                                                                           PLAINTIFF
ADC #143472

v.                                                    NO. 5:14CV00230 JLH/BD

JIM SMITH, et al.                                                                                                   DEFENDANTS

**ORDER**

On September 24, 2014, United States Magistrate Judge Beth Deere issued a partial recommended disposition in which she recommended that the motion to dismiss filed by the defendants be granted in part and denied in part. Judge Deere recommended that the motion to dismiss be granted with respect to Christopher Deaton's claims for money damages against the defendants in their official capacities because those claims are barred by sovereign immunity. Document #28 at 3. She also recommended that the Court dismiss Deaton's claims to the extent that they seek to institute criminal actions. *Id*. at 3-4. Those portions of the recommended disposition are adopted. Deaton's claims for money damages against the defendants in their official capacities are dismissed because those claims are barred by sovereign immunity. To the extent that Deaton is attempting to institute criminal actions, those claims are dismissed.

In a portion of the recommended disposition, Judge Deere recommended that Deaton's claims relating to the ADC grooming policy, as well as the enforcement of that policy, should be dismissed in part because the ADC grooming policy had not been held unconstitutional. *Id*. at 6. That policy has now been held unconstitutional. *Holt v. Hobbs*, 135 S. Ct. 853 (2015). Therefore, the Court declines to adopt that portion of the recommended disposition.

Judge Deere also recommended that Deaton be permitted to proceed on retaliation claims that were not addressed by the defendants in their motion. *Id*. at 7. The defendants have objected

to that portion of Judge Deere's recommended disposition, noting that they addressed Deaton's retaliation claims. In view of the fact that a portion of Deaton's claims will be permitted to proceed and therefore will be before Judge Deere again, the Court will leave those retaliation claims to be addressed, if necessary, in subsequent motions and a subsequent recommended disposition by Judge Deere. Likewise, Judge Deere recommended that Deaton's deliberate indifference claims against Smith and Harris should be allowed to proceed in light of the fact that portions of his other claims will be allowed to proceed. *Id*. at 8. That portion of the recommended disposition is adopted.

For the reasons stated, the defendants' motion to dismiss is granted in part and denied in part. Document #13. Christopher Deaton's claims for money damages against the defendants in their official capacities are dismissed, as are the claims that seek to initiate criminal actions. In all other respects, Deaton's claims will be permitted to proceed. Thus, the Court adopts Judge Deere's recommended disposition in part and declines to adopt it in part. Document #28.

This action is again referred to Magistrate Judge Beth Deere for disposition or recommended disposition, as appropriate, of all pretrial proceedings.

IT IS SO ORDERED this 3rd day of February, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE